CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 2 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN PABLO ALVARADO-ACOSTA, ) | |
| Petitioner, ) | Civil Action No. 7:05-CV-00767 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

The petitioner, Juan Pablo Alvarado-Acosta, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the respondent's motion will be granted in part and denied in part.

## BACKGROUND

On May 19, 2004, the petitioner was charged in a six-count indictment returned by a grand jury in the Western District of Virginia. The petitioner pled guilty to Counts One and Six of the indictment, pursuant to a written plea agreement, on October 4, 2004. Count One charged the petitioner with conspiring to possess with intent to distribute more than 100 kilograms of marijuana and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. Count Six charged the petitioner with possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). As part of the plea agreement, the petitioner agreed to waive his right to appeal sentencing guidelines issues. The petitioner also agreed to waive his right to collaterally attack his convictions or sentence.

On December 13, 2004, the petitioner was sentenced to a total term of imprisonment of 147 months. The court also imposed a total alternative sentence of 120 months, in the event that the Federal Sentencing Guidelines were declared unconstitutional. The judgment of conviction was

entered on December 14, 2004. Since the petitioner did not file a direct appeal, his convictions became final on December 29, 2004, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a).

The petitioner filed the instant § 2255 motion on December 19, 2005. The petitioner alleges that his defense attorney provided ineffective assistance, and that his sentence is unconstitutional in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

## DISCUSSION

I.   Petitioner's Ineffective Assistance Claim

In his first claim, the petitioner alleges that his defense attorney provided ineffective assistance by failing to consult with him regarding an appeal. Specifically, the petitioner alleges that his defense attorney did not apprise him of the advantages, disadvantages, and consequences of an appeal, or inquire as to whether the petitioner wanted to file an appeal. As a result the petitioner contends that he was "deprived ... of the appellate proceeding altogether." Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000).

In response to this claim, the respondent first argues that the claim is barred by the petitioner's waiver of the right to collaterally attack his sentence, which was contained in the plea agreement. The respondent correctly points out that the United States Court of Appeals for the Fourth Circuit has upheld the validity of such waivers, applying the same reasoning and standards as are applied to waivers of the right to appeal. U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). However, in Lemaster, the Fourth Circuit opined that the same exceptions to appeal waivers would apply to waivers of collateral-attack rights. Id. at n. 2. Here, the petitioner alleges that his attorney's failure to consult with him regarding an appeal completely deprived him of the appellate

2

proceedings altogether. The Fourth Circuit recently held that ["[t]his claim is analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), where [the Court] held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings." United States v. Embree, 2006 U.S. App. LEXIS 5216 (Mar. 1, 2006). Applying this exception to the petitioner's waiver, the court concludes the petitioner's waiver of his collateral-attack rights does not bar the claim that his attorney was ineffective for failing to consult with him regarding an appeal. See Id. (citing United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005); United States v. Gomez-Diaz, 433 F.3d 788 (11th Cir. 2005)).

The respondent also argues that the petitioner's ineffective assistance claim is without merit. However, the court is unable to properly evaluate the validity this claim on the record as it currently exists. Therefore, the court will refer the matter for an evidentiary hearing on the following issues: (1) whether the petitioner's attorney consulted with him about an appeal; (2) if not, whether the attorney's failure to consult constitutes deficient performance; and (3) if so, whether there is a reasonable probability that, but for the attorney's failure to consult, the petitioner would have timely appealed. See Roe v. Flores-Ortega, 528 U.S. at 478, 484.

II. Petitioner's Booker Claim

The petitioner also contends that his sentence is unconstitutional in light of the Booker decision, and that the alternative 120-month sentence should be imposed. However, this claim is foreclosed by the Fourth Circuit's recent decision in United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Fourth Circuit held that the rule announced in Booker is "not available for post-conviction relief for federal prisoners ... whose convictions became final before Booker was decided." Morris, 429 F.3d at 72. Since the petitioner's convictions became final in December, 2004, the rule announced in Booker offers him no ground for relief under § 2255. Accordingly, the

3

petitioner's Booker claim must be dismissed.

## CONCLUSION

For the reasons stated, the respondent's motion to dismiss will be granted as to the petitioner's Booker claim and denied as to the petitioner's ineffective assistance claim. The court will refer the matter for an evidentiary hearing on the ineffective assistance claim. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 22 day of May, 2006.

Senior United States District Judge

4