CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 2 2 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN PABLO ALVARADO-ACOSTA, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:05-CV-00767 |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Michael F. Urbanski |
|     Respondent. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Petitioner Juan Pablo Alvarado-Acosta brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside or correct the sentence imposed following his guilty plea to violations of federal drug and gun laws. Petitioner alleges that his defense attorney provided ineffective assistance, and that his sentence is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The crux of Alvarado-Acosta's petition is that he was given a guidelines sentence for Count One of the indictment of eight-seven (87) months, based on the drug weight for which he was held responsible in the presentence report, and an alternative sentence of sixty (60) months, which the court stated would be imposed in the event the guidelines were later found to be unconstitutional. Following the Supreme Court's ruling in Booker, Alvarado-Acosta seeks reduction of his sentence on Count One to the lower sixty (60) month period.

On May 22, 2006, the court denied petitioner's Booker claim on the basis of United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), where the Fourth Circuit held that the rule announced in Booker is "not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker was decided." As Alvarado-Acosta's conviction became

final in December, 2004, shortly before Booker was decided on January 12, 2005, the court concluded that "the rule announced in Booker offers him no ground for relief under § 2255."

Also in the May 22, 2006 memorandum opinion, the court referred this case to the undersigned for an evidentiary hearing on the following issues: (1) whether petitioner's attorney consulted with him about an appeal; (2) if not, whether the attorney's failure to consult constitutes deficient performance; and (3) if so, whether there is a reasonable probability that, but for the attorney's failure to consult, the petitioner would have timely appealed. Such an evidentiary hearing was conducted on November 1, 2006. Following the evidentiary hearing, the undersigned concludes that there is no credible evidence to suggest that petitioner's counsel was ineffective so as to deprive petitioner of his right to appeal. Therefore, it is recommended that the petition be dismissed.

I

On October 4, 2004, petitioner pled guilty to two counts of a six count indictment returned by a grand jury in the Western District of Virginia. Count One charged Alvarado-Acosta with conspiring to possess more than one hundred (100) kilograms of marijuana and five hundred (500) grams of cocaine powder with the intent to distribute, in violation of 21 U.S.C. § 846. Count Six charged Alvarado-Acosta with possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The plea agreement provided for dismissal of Counts Two, Three, Four and Five of the indictment which charged federal drug violations on specific dates.

In the plea agreement executed by petitioner on September 24, 2004, Alvarado-Acosta stated:

2

> I agree that after my full and fair sentencing hearing, I will not then
> appeal any sentencing guidelines factors or the Court's application
> of the sentencing guidelines factors to the facts of my case. I am
> knowingly and voluntarily waiving any right to appeal sentencing
> guidelines factors, and am voluntarily willing to rely on the Court
> in sentencing me under the Sentencing Guidelines.

Plea Agreement ¶ 10, at 6. The plea agreement also provided that petitioner further agreed to waive his right to collaterally attack, pursuant to 28 U.S.C. § 2255, the judgment and any part of the sentence imposed. Plea Agreement ¶ 11, at 7. The plea agreement further provided that petitioner waived "any right to a jury determination of sentencing factors that may exist under Blakely v. Washington, ___ U.S. ___, 2004 WL 1402697 (June 24, 2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions." Plea Agreement ¶ 4, at 3-4.

At the guilty plea hearing on October 4, 2004, the court plainly confirmed with Alvarado-Acosta that he was agreeing to waive any right to appeal this case and waiving any right to attack the judgment at some later date. Transcript of Guilty Plea Hearing ("Guilty Plea Tr.") at 20.

At the December 13, 2004 sentencing hearing, the court adopted the presentence report as written, without objection. The government recommended that petitioner be sentenced at the low end of the sentencing guidelines, which the court accepted, sentencing petitioner to eighty-seven (87) months on Count One and sixty (60) months on Count Six.[1] The court also imposed an alternative sentence on Count One of sixty (60) months "in the event that the Guidelines are declared unconstitutional." Transcript of Sentencing Hearing ("Sentencing Hearing Tr.") at 4.

---

[1] The eight-seven (87) month sentence on Count One was calculated under the sentencing guidelines as follows. Alvarado-Acosta was held responsible in the presentence report for 1,263 kilograms of marijuana, resulting in a base offense level of 32, which was adjusted downward to 29 for acceptance of responsibility. Based on a total offense level of 29, and a criminal history category of I, the guideline range for imprisonment for count One was 87 to 108 months.

3

The court concluded that "[i]n your plea agreement, you waived your right to appeal this sentence, and so far as I know, that waiver is binding. But should you choose to undertake an appeal, the notice must be filed within ten (10) days from today. And it may be filed without prepayment of fees, and you would be entitled to a court appointed attorney." Sentencing Hearing Tr. at 5.

Petitioner did not indicate at the sentencing hearing any interest in an appeal. Nor did he file a notice of appeal or make any request to have the clerk do so. He never asked his lawyer to file an appeal. Now, in his habeas corpus petition, petitioner claims that his counsel was ineffective by failing to counsel him about an appeal or file an appeal of his sentence to preserve the alternative lower sixty (60) month sentence. Petitioner contends that had an appeal been filed, it would have been pending when Booker was decided. Had his appeal been pending when Booker was decided, Alvarado-Acosta argues that his claim would not have been dismissed on Morris grounds, but would have been considered on the merits. As the base offense level was calculated based on responsible drug weight determine in the presentence report, and not precisely specified in the indictment, Alvarado-Acosta contends that his guidelines sentence violates the Sixth Amendment in accordance with Booker. Thus, he contends, he should have received the lower alternative sixty (60) month sentence on Count One instead of the guidelines sentence of eighty-seven (87) months.

## II

At the November 1, 2006, evidentiary hearing, petitioner's counsel, Rena Berry, testified that she represented Alvarado-Acosta on these federal charges. Berry testified that, with the assistance of an interpreter, she went over the terms of the plea agreement with him in detail on September 24, 2004. Berry testified that she discussed all of the paragraphs of the plea

4

agreement with petitioner. Berry stated that she went over with petitioner the fact that he had a cocaine charge and that he was giving up the right to challenge any issues regarding computations under the guidelines. Berry testified that she emphasized to petitioner that he was giving up his right to appeal. Berry reiterated that she engaged in a careful review of the plea agreement with her client and that Alvarado-Acosta understood what he was giving up by pleading guilty.

Berry stated that she explained what the expected decision of the Supreme Court in Booker could mean as regards the federal sentencing guidelines and petitioner's case. Berry said that she did not know at the time how Booker was going to come out and whether it was going to have retroactive effect. For that reason, and because of the impact of the amount of the cocaine powder on the guidelines, Berry advised her client to go to trial, but her client would have no part of that.

Berry testified that she consistently advised Alvarado-Acosta that she felt his case should be tried. Berry stated that the guilty plea was done against her advice. Berry explained that the case involved a reverse sting in which the government agents were negotiating to trade Alvarado-Acosta cocaine powder for the marijuana he was selling. As no cocaine was ever produced, Berry said she had difficulty with her client pleading guilty to the cocaine charge, especially given the impact of the amount of the cocaine powder on the sentencing guidelines. Because no cocaine existed, Berry felt that the case should have been tried. However, her client was insistent on pleading guilty and did not want to go to trial because of concerns over the safety of his family.

After the guilty plea hearing, Berry stated that she met with Alvarado-Acosta on November 2 and November 30, 2004. On November 2, 2004, she met with petitioner and a

5

probation officer, via an interpreter, for the purposes of providing information for the presentence report. On November 30, 2004, Berry met again with petitioner and an interpreter for the purposes of reviewing the presentence report. At that time, Berry discussed with petitioner the fact that he was charged and pleading guilty to conspiracy to distribute more than 100 kilograms of marijuana and 500 grams of cocaine powder. Berry stated that she again went over the elements of the plea agreement set forth in paragraph 3, the waiver provisions of paragraph 4 and the sentencing guidelines computations. When reviewing the presentence report, she showed her client what he could lose, in terms of acceptance of responsibility and recommendation of the low end of the guidelines, if he did not continue with the guilty plea. Alvarado-Acosta said that he did not want a trial. Alvarado-Acosta expressed concern for the safety of his family from others involved. Berry stated that she spoke again with Alvarado-Acosta about his right to appeal. Berry stated that petitioner never indicated any interest in an appeal.

No objection was filed to the presentence report by either Alvarado-Acosta or the government. Alvarado-Acosta apologized to the court at sentencing and was sentenced to eighty-seven (87) months on Count One, the drug conspiracy charge, and sixty (60) months on Count Six, the gun charge. The court stated if the sentencing guidelines were declared unconstitutional, he was imposing an alternative sixty (60) month sentence on Count One. Berry testified that she was present at the sentencing hearing on December 13, 2004. She stated that at the end of the hearing, her client looked a bit confused. As a result, she called the interpreter over and went over the sentence again. She asked her client whether he was okay, and he nodded his head, indicating yes.

Following sentencing, Alvarado-Acosta wrote Berry a letter postmarked December 15, 2004, seeking clarification of his sentence on the drug charge. Berry had the letter translated and responded by letter dated January 4, 2005 explaining the alternative sentence. Berry stated:

> The judge sentenced you to 60 months on the gun charge and 87 months on the drug charge. Because the law is not settled regarding guidelines sentences, and the drug charge is a guideline sentence; it is possible that he sentence may be changed. If the guidelines are eliminated or its is ruled that the guidelines cannot be used then the drug charge sentence is a sentence of 60 months.

Defendant's Hearing Exhibit 4. Petitioner's letter does not mention an appeal, and Berry did not hear anything further from petitioner.

Petitioner is not fluent in English, but was assisted at the evidentiary hearing by an interpreter. Petitioner likewise was assisted by an interpreter at both the guilty plea and sentencing hearings and during his meetings with Berry. Petitioner acknowledged signing the Plea Agreement, and that it was his intention to plead guilty to Counts One and Six. Contrary to Berry's testimony, petitioner testified that he was not aware of the issue raised by the pending Booker case until he got to prison and had not been advised by his attorney about Booker or its potential impact on the federal sentencing guidelines and his case. Petitioner stated that he thought that he was going to get the lower sixty (60) month sentence, and was not told that he needed to file an appeal to preserve his ability to obtain that lower sentence. Petitioner stated that had he known that he needed to notice an appeal to preserve the alternative sentence on Count One of sixty (60) months, he would have done so. Petitioner acknowledged that the court told him at sentencing that he could appeal, but that his lawyer told him that he had waived his right to appeal in the plea agreement. Petitioner stated that once he got to prison, he began looking into the issue and filed this action.

7

Case 7:05-cv-00767-JLK-mfu    Document 31    Filed 11/22/06    Page 7 of 12    Pageid#: 225

There is no evidence to suggest that Alvarado-Acosta ever requested his attorney to file an appeal. Berry testified that he never indicated any interest in an appeal, and Alvarado-Acosta did not testify that he asked his lawyer to file an appeal.

## III

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. To establish ineffective assistance of counsel, a defendant must show first that counsel's representation fell below an objective standard of reasonableness, and second, that counsel's deficient performance prejudiced defendant. Id. at 688, 694. In Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), the Court held that this test was applicable to situations where trial counsel was allegedly ineffective by failing to file a notice of appeal.

Under Flores-Ortega,"[c]onsult" means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478. If counsel has consulted with defendant, the question of deficient performance is easily answered as counsel performs in a professionally unreasonable manner only by failing to follow defendant's express instructions with respect to an appeal. Id. If counsel has not consulted with defendant, the court must then ask whether counsel's failure to consult with defendant itself constitutes deficient performance. Id. As the Court held in Flores-Ortega, "[w]e cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would be inconsistent with both our decision in Strickland and common sense." Id. at 479. Consultation with a defendant is constitutionally imposed where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-

frivolous grounds for appeal), or (2) that the defendant reasonably demonstrated to counsel that he was interested in appealing. Id. at 480. Even where a defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea agreement waived appeal rights. Id. at 480.

The testimony at the evidentiary hearing clearly established that counsel went over the terms of the plea agreement with Alvarado-Acosta via an interpreter. Berry testified that she explained the waiver of appeal provisions in the plea agreement to petitioner. Petitioner also testified at the guilty plea hearing that he understood he was waiving both his right to appeal and to collaterally attack his conviction. Guilty Plea Tr. at 20. The court clearly apprised Alvarado-Acosta at sentencing of his right to appeal, Sentencing Hearing Tr. at 5, and the circumstances of this case impose no additional requirement that counsel consult any further with Alvarado-Acosta regarding an appeal after sentencing. See Flores-Ortega, 528 U.S. at 479-80.

Not only did Alvarado-Acosta waive any appeal in the plea agreement, there does not appear to be any non-frivolous grounds for appeal. There is no indication in the record that the plea was other than as reflected in the plea agreement. Petitioner was sentenced at the low end of the guidelines, and four substantive drug distribution counts were dismissed. Petitioner received the sentence for which he bargained.

At the evidentiary hearing, petitioner contended that counsel was ineffective by not noting an appeal, or consulting with her client about noting an appeal, to preserve the lower alternative sentence in the event that the pending Booker decision invalidated the higher guidelines sentence. Counsel for petitioner argued that Alvarado-Acosta's waiver of his right to appeal could not have been knowing and effective because no one knew what the impact of Booker was going to be. Thus, petitioner argues, counsel should have noted an appeal because of the

9

uncertainty created by Booker. This argument ignores two salient points. First, Berry testified that she did talk to petitioner about the issue raised by Booker and the impact of that issue on his case. Second, in the plea agreement, Alvarado-Acosta clearly waived any claim under Booker. In paragraph 4 of the plea agreement, Alvarado-Acosta stated that "I understand that by signing this Plea Agreement, I waive any right to a jury determination of sentencing factors that may exist under Blakely v. Washington, ___ U.S. ___, 2004 WL 1402697 (June 24, 2004), Apprendi v. New Jersey, 536 U.S. 466 (2000), and any cases interpreting those two Supreme Court decisions." Plea Agreement ¶ 4, at 3-4. Thus, waiver of any challenge under Booker was an integral part of the plea agreement.

In sum, this case presents no evidence of ineffective assistance of counsel. To the contrary, the record, including the statements of Alvarado-Acosta at the plea hearing and sentencing, make it plain that counsel's representation of Alvarado-Acosta was appropriate. Given counsel's review of the plea agreement via an interpreter, including the waiver of appeal, the discussion of waiver of appeal and collateral attack at the time of the guilty plea, and the explanation by the court of the rights to appeal at sentencing, no further consultation was constitutionally required. Flores-Ortega, 528 U.S. at 479-80. This is particularly true in this case as petitioner consistently expressed no interest having this case tried or appealed. Given Alvarado-Acosta's insistence on pleading guilty and executing the plea agreement, it is absurd to suggest that he would have filed an appeal had he been counseled further. Similarly, noting an appeal on Booker grounds would have been of no import as petitioner had waived any Booker claim in his plea agreement.

Even had petitioner shown that counsel's representation was ineffective in some respect, under the second prong of Strickland, a defendant must show prejudice from counsel's deficient

10

performance. See Flores-Ortega, 528 U.S. at 481. Again, Alvarado-Acosta expressed no interest in an appeal and plainly waived any appeal as to guidelines issues in the plea agreement and as to any issue raised under Blakely, Apprendi and their progeny. As such, there can be no prejudice to petitioner by failing to note an appeal on an issue for which his appeal had been waived in the plea agreement.

## IV

In conclusion, the evidence is clear that Alvarado-Acosta was repeatedly advised about waiver of his rights to appeal and to collaterally attack his conviction, yet proceeded with his guilty plea. Further, the evidence establishes that Alvarado-Acosta's counsel consulted with him regarding the terms of the plea agreement, including waiver of his right to appeal. There is no credible evidence that counsel was requested to file an appeal, and Alvarado-Acosta was clearly reminded of his right to appeal at sentencing.

Under these circumstances, Alvarado-Acosta is not entitled habeas corpus relief because his counsel did not file a notice of appeal. Counsel consulted with petitioner about an appeal. Petitioner never asked counsel to file an appeal, and expressly waived any right to appeal. The court at sentencing again reminded petitioner of his right to appeal, but he chose not to do so. Petitioner plead guilty to two counts of a six count indictment, received a sentence at the low end of the sentencing guidelines and had four drug counts dismissed. There is no basis upon which to suggest that petitioner's counsel was ineffective in any respect. It is recommended, therefore, that this case be **DISMISSED**.

## V

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Jackson L. Kiser, Senior United States District Judge. Both sides are reminded that

pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

**ENTER:** This 22rd day of November, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge