CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 22 2007
JOHN F. CORCORAN, CLERK
BY: /s/ A. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JUAN PABLO ALVARADO-ACOSTA, Petitioner, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 7:05CV00767<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>       Senior United States District Judge |
| v. | | |
| UNITED STATES OF AMERICA, Respondent. | | |

Before me now are the Petitioner's Objections to the Magistrate Judge's Report and Recommendation. For the reasons stated herein, I will **ADOPT** the recommended disposition in the Report and Recommendation. The Respondent's Motion to Dismiss will be **GRANTED**. The case will be **DISMISSED** from the docket of the Court.

## I.    STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

On October 4, 2004, the Petitioner, Juan Pablo Alvarado-Acosta ("Alvarado-Acosta") pled guilty to two counts of a six count indictment. He entered his plea pursuant to a plea agreement, under which the government agreed to dismiss the remaining four counts. In the agreement, Alvarado-Acosta waived his right to appeal, collaterally attack the sentence, or "any right to a jury determination of sentencing factors that may exist under *Blakely v. Washington*,

1

*Apprendi v. New Jersey*, and any cases interpreting these two Supreme Court decisions." (internal citations omitted).

On December 13, 2004, I accepted the plea agreement and sentenced Alvarado-Acosta to 147 months in prison. At that time, I imposed an alternate sentence of 120 months should the Supreme Court later declare the Federal Sentencing Guidelines unconstitutional. The higher sentence was based on a judicial determination of drug weight under the sentencing guidelines, and the lower sentence reflected the drug weight the government charged in the indictment, to which the petitioner pled guilty. During the plea colloquy, I confirmed that by accepting the plea agreement, Alvarado-Acosta understood that he waived the right to appeal and the right to collaterally attack the judgment. At that time, I reminded Alvarado-Acosta that even though he had waived his right to appeal, if he still wished to appeal nonetheless, he would have to file a notice of appeal within ten days. Alvarado-Acosta gave no indication that he wished to appeal at the sentencing hearing. He did not file an appeal, and his sentence became final on December 29, 2004.

Subsequently, Alvarado-Acosta filed a collateral attack on the proceedings under 28 U.S.C. § 2255. In that petition, Alvarado-Acosta claimed that his sentence was unconstitutional in light of the Supreme Court's decision in *United States v. Booker* and that his counsel was ineffective in failing to note an appeal. 543 U.S. 220, 226 (2005) (deciding that the Federal Sentencing Guidelines were unconstitutional to the extent they provided for enhanced sentences based on judicial fact finding by a preponderance of the evidence and severing two provisions of the Guidelines that made them mandatory) In response, the government filed a Motion to Dismiss. I dismissed Alvarado-Acosta's *Booker* claim on May 22, 2006. In that opinion, I noted

that the Fourth Circuit determined in *United States v. Morris* that the rule announced in *Booker* is "not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* was decided." 429 F.3d 65, 72 (4th Cir. 2005). I also referred Alvarado-Acosta's ineffective assistance of counsel claim to the Magistrate Judge to determine whether his attorney consulted with him about an appeal; if not, whether the failure to consult rendered the attorney's performance deficient; and if so, whether Alvarado-Acosta would have probably appealed but for his attorney's misconduct.

The Magistrate Judge held an evidentiary hearing at which Rena Berry ("Berry"), who represented Alvarado-Acosta in the criminal proceeding, testified. She maintained that she explained, with the help of an interpreter, the plea agreement in detail to Alvarado-Acosta on September 24, 2004. During their meeting, she emphasized that should Alvarado-Acosta accept the plea agreement, he would relinquish his right to appeal. He indicated that he understood this facet of the agreement. Berry also explained that the Supreme Court was then hearing *Booker*, and she stated that although she did not know how the Court would decide the case or if the case would have retroactive effect, it could impact Alvarado-Acosta's sentence. In light of that fact, and the evidence facing Alvarado-Acosta, she suggested that he go to trial. Alvarado-Acosta stated that he would like to accept the plea agreement instead. She met with Alvarado-Acosta once more on November 30, 2004, at which time she again explained to her client that he would forego his right to appeal under the agreement. Alvarado-Acosta consistently disclaimed any interest in pursuing an appeal.

After sentencing, Alvarado-Acosta wrote Berry a letter asking her to clarify the alternate sentence. Berry responded that the alternate sentence reflected the present confusion concerning

3

the constitutionality of the sentencing guidelines. She advised him that if the Supreme Court determined that they could not be used or eliminated them, then he would receive the lower sentence. Her letter gave no indication that he might need to appeal to preserve his alternate sentence.

In contrast, Alvarado-Acosta testified that he was not aware of the pending *Booker* case until he reached prison. He stated that Berry did not tell him about the case or its potential impact on his sentence. If he had known that he needed to file an appeal to preserve his right to the alternate sentence, Alvarado-Acosta maintains, he would have certainly noted the appeal. He concedes that I advised him he had waived his right to appeal and that he never asked Berry to note an appeal on his behalf.

The Magistrate Judge concluded that Berry had not provided ineffective assistance of counsel to Alvarado-Acosta. The Magistrate Judge determined that she adequately consulted with him about his right to appeal, there did "not appear to be any non-frivolous grounds for appeal," Alvarado-Acosta would not likely have appealed if Berry had discussed the potential ramifications on his alternate sentence if he failed to note an appeal, and that he suffered no prejudice from his counsel's failure to note an appeal on an issue which he had waived in his plea agreement. As a result, the Magistrate Judge recommended that I dismiss this case. Alvarado-Acosta has objected to all four findings and asks me to reject the Report and Recommendation and impose the alternate sentence.

## II.　LEGAL STANDARD

When a court grants a motion to dismiss after considering matters outside the pleadings, the court treats a motion to dismiss as a motion for summary judgment. *Plante v. Shivar*, 540

4

F.2d 1233, 1234 (4th Cir. 1976). A court possess inherent power to enter summary judgment *sua sponte*, provided that the losing party has had notice that it must come forward and defend its claim. *United States Dev. Corp. v. People Fed. Sav. & Loan Ass'n*, 873 F. 2d 731, 735 (4th Cir. 1989). Inasmuch as Alvarado-Acosta was granted an evidentiary hearing, was represented by court-appointed counsel, and has filed objections to the Magistrate Judge's Report and Recommendations, it is clear that he had such notice.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

When a party challenges a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2002). "[A]s

5

part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Finally, the reviewing judge may receive additional evidence but is not required to do so. 28 U.S.C. § 636(b)(1); *Virgin Enterprises Ltd. v. Virgin Cuts, Inc.*, 149 F.Supp 2d. 220, 223 (E.D. Va. 2000).

## IV. DISCUSSION

Alvarado Acosta contends that Berry was ineffective for failing to note an appeal because if she had, then his conviction would not have been final until after the Court decided *Booker* and *Morris* would not have barred his petition for the alternate sentence. In *Roe v. Flores-Ortega*, the United States Supreme Court set forth the appropriate standard to determine ineffective assistance of counsel when the defendant claims his or her counsel was ineffective in failing to file an appeal. 528 U.S. 470 (2000). Under that standard, a court must first decide whether counsel "consulted with the defendant about an appeal." *Id.* at 478. The Court used "the term 'consult' to convey a specific meaning — advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If the attorney consulted with the defendant, then the lawyer was only ineffective in failing to follow the defendant's wishes. *Id.* On the other hand, if the lawyer did not consult with the client, then the lawyer will only have provided ineffective assistance of counsel when the client shows "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. If the court finds that

6

the lawyer performed deficiently, the defendant still must demonstrate that the deficient performance prejudiced the defendant in order to prove ineffective assistance of counsel. *Id.* 476–77. The Court concluded that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Alvarado-Acosta contends that Berry failed to explain to him the impact that appealing could have on his ability to pursue his alternate sentence under *Booker*. Indeed, she failed to mention that he might need to appeal to preserve the alternate sentence when he directly asked her to clarify its meaning through a letter. Presumably, Alvarado-Acosta contends that such a failure rendered her consultation insufficient under *Flores-Ortega*.

As noted above, a lawyer consults with a client about an appeal under *Flores-Ortega* when the lawyer advises the client "about the advantages and disadvantages of taking an appeal." *Id.* at 784. In this case, Alvarado-Acosta essentially waived his right to challenge his sentence under *Booker*. The Fourth Circuit has long held that a defendant may waive the right to a jury trial altogether. *United States v. Wessells*, 936 F.2d 165, 167 (1991) (finding that "the right to a jury trial may be waived"). Thus, Alvarado-Acosta's waiver of the more limited right to have a jury determine any facts that enhanced his sentence was almost certainly valid, as Berry likely knew when she advised Alvarado-Acosta. Therefore, even if Berry filed a timely notice of appeal, and Alvarado-Acosta's conviction had not become final on the date the Court decided *Booker*, he still could not have effectively challenged his sentence under *Booker* on collateral review. Noting an appeal to preserve his right to seek the alternate sentence under a *Booker* challenge can hardly be classified as an advantage when Alvarado-Acosta could not

Case 7:05-cv-00767-JLK-mfu Document 36 Filed 02/22/07 Page 7 of 8 Pageid#: 244

benefit from such a challenge by the very terms of the plea agreement. Therefore, I will overrule Alvarado-Acosta's objection to the Magistrate Judge's conclusion that Berry adequately discussed an appeal with Alvarado-Acosta.

The remaining objections to the Magistrate Judge' Report and Recommendation all relate to conclusions that affect the prejudice portion of Alvarado-Acosta's claim. Alvarado-Acosta must show both deficient performance and prejudice to succeed on his ineffective assistance of counsel claim, and I will uphold the portion of the Magistrate Judge's Report and Recommendation that finds Berry did not perform ineffectively. Therefore, I need not consider the remaining objections.

## V.    CONCLUSION

For the reasons stated above, I will **ADOPT** the recommended disposition in the Magistrate Judge's Report and Recommendation. Consequently, I will **GRANT** the Respondent's Motion to Dismiss.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The case will be **DISMISSED** from the docket of the Court.

ENTERED this 22nd day of February, 2007.

Senior United States District Judge